## SCHMUDDI v. MEYER.

1. In executed contracts the question of consideration is immaterial. The question of consideration has relation to the enforcement of an executory promise.
2. Want of consideration can not be pleaded against a surety upon a joint bond who has paid his share, and payment has been accepted and party formally released.

HOSEA, J.

Motion for judgment on the pleadings as to Meyer.

Meyer is shown by the petition to be one of the sureties on the bond of Havekotte, guardian of plaintiff and his

sister. The final account of the guardian, filed and confirmed in August and September, 1897, showed a balance of $1,077.65 due this plaintiff, on which he admits a payment of $712.70, and seeks to recover against the co-sureties Meyer and Mehmert, the balance of $364.95 with interest from August 1, 1897. The bond attached is in the usual form.

In his answer, Meyer pleads a payment of $1,500 to plaintiff and his sister jointly, and a joint release and acquittance in writing, releasing him individually from all further liability upon said bond, said acquittance being in due form, dated December 30, 1897, and signed by plaintiff and his sister.

By his reply, plaintiff admits the signing of the acquittance pleaded, and says he received thereon $712.70. Then follow a number of immaterial averments relating to representations made to him by Meyer and Attorney Dewald, who paid the money—$712.70—and required plaintiff and his sister to sign the release as a condition of payment, etc.

He then says there was no consideration for the "surrender of the residue of $1,077.65 due him," etc., nor for the release of Meyer as surety.

The brief of plaintiff intimates a number of matters additional to those pleaded, all of which, if susceptible of proof, might—so far as they go—form the basis of a proceeding in equity to set aside the acquittance and release as obtained by fraud, etc.

The matters pleaded in the reply, however, are too fragmentary and immaterial to be considered in a suit at law upon the bond, as an answer to a formally executed release, and must be discarded.

The denial of consideration is, moreover, a conclusion of law in view of the facts admitted.

If, as claimed by the plaintiff, the bond is joint and several, the right of settlement by composition with one of several sureties without discharging the rest, existed at common law. If the bond is joint, the statutes give a right of settlement with and discharge of a surety without affecting the liability of the others.

The question of consideration does not often arise in *executed* contracts, for the reason that where parties on both sides have carried their intentions into effect, it is presumed that the consideration was satisfactory.  In fact, the original settlement of the question of consideration applies the rule which theretofore was confined to verbal promises only to all simple executory contracts (as distinguished from those under seal or *specialties*) of an executory nature. (*Rann* v. *Hughes,* 7 T. R., 350).

This has now become elementary doctrine, and—as usually stated in the text-book—"a simple executory promise not supported by a valuable consideration is void as between the parties thereto"; that is, it is unenforceable.  *The consideration, in other words, goes to the right of enforcement.* After the parties have voluntarily performed, it is no longer a contract, properly speaking, but a thing done and must so exist until undone.

A promise to waive a lien, for example, can not be enforced except upon a valuable consideration; but after the lien is waived (as by the cancellation of a mortgage or a minor lien), all the king's horses of the law could not put Humpty Dumpty on the wall again—excepting that a court of equity acting upon grounds of fraud or mistake can decree the restoration by compelling the individual to undo the wrong.

*The rule is, therefore, that in executed contracts the question of consideration is immaterial.*  Page on Contracts, § 2281.

Under these circumstances, I do not see how this action can proceed against Meyer so long as the release and acquittance pleaded, whose execution is admitted by plaintiff, stands unrescinded and legally unimpeached.

The plaintiff, when he signed it, was of full age and he must be presumed to have fully known the finding of the court upon his account, because he must have had full notice of its filing and confirmation as required by law.  There is no showing that he was, in any way, misled by Meyer; and the alleged representations of Dewald were in respect of matters he is presumed to have known all about.  More-

over, the document he signed is clear and explicit in its terms and simply released one surety, and did not affect his right to recover the balance due him.

The defense of Meyer is complete upon the pleadings, and there is nothing for the jury to pass upon in his case; and he will be dismissed from the action.

Motion granted.

*J. G. Penn,* for plaintiff.
*D. S. Oliver,* for defendant.

